STATE, Respondent, v. DENEVAN, Appellant.

(206 N. W. 927.)

(File No. 5586. Opinion filed January 9, 1926.)

1. **Automobiles—Criminal Law—Information—Information for Manslaughter by Reckless Driving Held to Sustain Conviction for Manslaughter in Second Degree.**

Under Rev. Code 1919, Secs. 4020, 4024, defining manslaughter in first and second degrees, information stating that death was caused by gross and culpable negligence of accused in driving automobile recklessly, without specifying that he was guilty of either degree of manslaughter was sufficient to sustain conviction for manslaughter in second degree, and overruling motion in arrest of judgment was not error.

2. **Homicide — Negligence — Manslaughter — Because Negligent Act May Render One Guilty of Manslaughter in First Degree, if Death Results Therefrom, Does Not Prevent Its Being Basis of Prosecution for Manslaughter in Second Degree.**

Under Rev. Code 1919, Secs. 4020, 4024, defining degrees of manslaughter, because negligent act is made misdemeanor, and may render one guilty of manslaughter in first degree, if death of another is caused thereby, does not prevent its being basis of prosecution for manslaughter in second degree.

3. **Indictment and Information—Criminal Law—Indictment for Killing by Driving Automobile Held Not Objectionable, as Charging Two Misdemeanors.**

Information, charging causing death by gross and culpable negligence of accused in recklessly driving automobile at unlawful speed, was good on demurrer, based on ground that it sought to charge two separate misdemeanors; one under Rev. Code, Sec. 8657, for driving automobile while intoxicated, and one under Section 8656 for speeding.

4. **Criminal Law — Preliminary Hearing — Coroners — Preliminary Hearing for Homicide, Based on Coroner's Warrant, Held Sufficient.**

In prosecution for manslaughter, preliminary hearing, based on coroner's warrant, without preliminary complaint or information, was sufficient, under Rev. Code 1919, Sec. 10189.

Appeal from Circuit Court, Kingsbury County; Hon. M. Moriarty, Judge.

Ed Denevan was convicted of manslaughter in the second degree, and he appeals. Affirmed.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.

*Buell F. Jones,* Attorney General, and *R. F. Drewry,* Assistant Attorney General, for the State.

Appellant cited: State v. Stewart, 37 S. D. 263, 157 N. W. 1046; Traver v. State, 202 S. W. 734; State v. Shuey, 181 Pac. 890; Drake v. State, Ohio St. 211; Johnson v. State, 63 N. E. 607; United States v. Cohen Grocery Company, 255 U. S. 81, 65 L. ed. 516.

Respondent cited: Barrow v. State (Okla.), 188 Pac. 351, 9 A. L. R. 207; State v. Hall, 14 S. D. 161; State v. Humphrey, 42 S. D. 513; Smith v. State, 186 Ind. 252, 115 N. E. 943; State v. Townsend (Mich.), 16 A. L. R. 906; Smith v. State (Ind.), 115 N. E. 944; State v. Goldstone, 175 N. W. 893.

BURCH, C. Appellant was tried and convicted of manslaughter in the second degree on an information charging, in substance, that Ed Denevan on the 11th day of August, 1923, in Kingsbury county, while in an intoxicated condition, did then and there negligently, carelessly, recklessly, and feloniously drive a Buick automobile at an unlawful and excessive rate of speed upon the public highway of said county in such a manner as to wreck and overturn said automobile, thereby fatally injuring one Austin Denevan, who was then and there a passenger in said automobile, in such a manner that he, the said Austin Denevan, then and there immediately died as a direct and approximate cause of the gross and culpable negligence of said Ed Denevan. From the judgment and order overruling a motion for new trial, this appeal is taken.

[1] There are several assignments of error argued; the first being that the court erred in overruling the defendant's motion in arrest of judgment and in passing sentence upon the accused. It is the contention of appellant that the foregoing information charges, if it charges any crime, the crime of manslaughter in the first degree; that if the accused while engaged in the commission of a misdemeanor, or two misdemeanors, caused the death of Austin Denevan without the design to effect death, he was guilty of manslaughter in the first degree, and could not be convicted of manslaughter in the second degree. The court submitted these issues to the jury, and it is contended that the jury, having found the defendant guilty of manslaughter in the second degree, necessarily acquitted the defendant of manslaughter in the first degree;

that in acquitting the accused of first degree manslaughter, the jury necessarily found that he was not engaged in the commission of a misdemeanor or misdemeanors, and therefore not guilty of committing the acts necessary to make him guilty of manslaughter in any degree; and that manslaughter in the second degree is not an included offense under the facts of this case.

Manslaughter in the first degree, so far as material to this action, is defined (section 4020, R. C. 1919):

"Homicide is manslaughter in the first degree in the following cases:

"1. When perpetrated without a design to effect death by a person while engaged in the commission of a misdemeanor."

And manslaughter in the second degree (section 4024), is defined as follows:

"Every killing of one human being by the act, procurement or culpable negligence of another, which, under the provisions of this chapter, is not murder nor manslaughter in the first degree, nor excusable nor justifiable homicide, is manslaughter in the second degree."

The information does not designate the crime as either degree of manslaughter, and it may be noted that the information states that the death was caused by the gross and culpable negligence of defendant, which is an act constituting manslaughter in the second degree, as above defined. True the court submitted to the jury the question of the guilt of the defendant upon the higher charge, but also submitted the lower charge. If the defendant was guilty of manslaughter in the first degree because engaged in the commission of a misdemeanor, the misdemeanor was founded on negligence.

[2] Simply because a negligent act is made a misdemeanor, and may render one guilty of manslaughter in the first degree, if the death of another is caused by such negligent act, does not render such negligent act less culpable nor prevent its being the basis of a prosecution for manslaughter in the second degree. If the jury was satisfied beyond a reasonable doubt that the negligence of the defendant was a misdemeanor, it might have found him guilty of manslaughter in the first degree, but, if in doubt as to the criminal character of the negligent acts, it

might still be satisfied, and believe that such acts were culpable, and there is no inconsistency in finding the homicide in the second degree of manslaughter instead of the first degree. Under the facts of this case, where the crime in the first degree depended upon negligence, the proof of such negligence necessarily included the proof of negligence in establishing manslaughter in the second degree for culpable negligence. The court did not err in overruling appellant's motion in arrest of judgment.

[3] Appellant assigns as error the overruling of his demurrer to the information. Because he says:

"The information seeks to charge the defendant with committing two separate misdemeanors which resulted in the death of Austin Denevan, viz., under section 8657, R. C., with driving an automobile while intoxicated, and under section 8656, R. C., of speeding."

There is no merit to this assignment. The information charges manslaughter ,a felony, not two misdemeanors. If one of the elements of the crime depends upon the killing being done while committing a misdemeanor, the act could be no less criminal because accused was committing two misdemeanors at the same time. If killing a man by reckless driving is manslaughter, or killing him while driving in an intoxicated condition is manslaughter, most certainly a killing by the reckless driving of a drunken driver is. Appellant urges that some of the jurors may have thought he was drunk, and others that he was reckless, and for that reason he could be convicted without a unanimous decision of 12 men as to the facts constituting the crime, and he cites State v. Stewart, 37 S. D. 253, 157 N. W. 1046, as supporting this contention. That case is not in point. There is no dispute as to who was driving and who was the principal in this case. The Stewart Case decides that a defendant may not be convicted of a crime by showing that he was connected with it, either as a principal or as an accessory, without showing in which capacity he acted. Appellant also argues that the information is insufficient to charge manslaughter in the first degree, because it does not contain the words that the killing was "without a design to effect death," and that the Legislature could not, by making certain negligent acts criminal, change the degree of homicide in case of death re-

sulting therefrom. These objections need not be considered, since the information is sufficient in any event to charge manslaughter in the second degree, and this is the crime for which defendant was convicted.

[4] Appellant moved to quash the information for the reason that defendant had not had a preliminary hearing, and assigns the overruling of this motion as error. Appellant had a preliminary hearing, but no preliminary complaint or information was filed on which to base the hearing. The hearing was based upon a coroner's warrant. This was sufficient under section 10189, R. C. 1919, providing:

"The warrant of the coroner shall recite substantially the transactions before him, and the verdict of the jury of inquest leading to the arrest, and such warrant shall be sufficient foundation for the proceedings of the justice instead of a preliminary information."

Several errors in the receipt and rejection of evidence, and in giving and refusing instructions are assigned. We have carefully examined these assignments, and find no prejudicial error. Having discussed the errors chiefly relied upon by appellant, we do not deem it necessary to review the others in detail.

Finding no prejudicial error in the record, the judgment and order overruling motion for new trial are affirmed.

Note.—Reported in 206 N. W. 927. See, Headnote (1), American Key-Numbered Digest, Automobiles, Key-No. 351, 30 C. J. Sec. 313, Homicide, 29 C. J. Sec. 148; (2) Homicide, Key-No. 78, 29 C. J. Sec. 148; (3) Indictments and information, Key-No. 125(29), 31 C. J. Sec. 330; (4) Criminal law, Key-No. 209, 16 C. J. Sec. 495.

Homicide by negligent operation of automobile, see notes in 30 L. R. A. (N. S.) 458; 33 L. R. A. (N. S.) 403; L. R. A. 1918B, 954.

Manslaughter or assault in connection with use of automobile for unlawful purpose or in violation of law, see notes in 16 A. L. R. 914; 21 A. L. R. 1504; 27 A. L. R. 1182.